# EXHIBIT A

**INSTRUCTIONS: FILL IN THE NAMES IN THE BOX NUMBER BELOW, THE INDEX NUMBER AND THE DATE THE INDEX NUMBER WAS PURCHASED. COMPLETE ALL BLANKS IN ACCORDANCE WITH THE DIRECTIONS SET FORTH IN BOLD PRINT.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x

LUCKY DAMIAO
[YOUR NAME(S)]

Plaintiff(s),

-against-

EQUIFAX INFORMATION SERVICES LLC
[NAME OF PERSON(S) SUED]

Defendant(s)
-------------------------------------------------------------------x

Index No. 712821 /2026

Date Index No. purchased 5/1/26

**SUMMONS**

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: MAY 01, 2026
[DATE OF SUMMONS]

LUCKY DAMIAO
[YOUR NAME(S)]

84-66 258TH STREET
FLORAL PARK, NY 11001
347-426-5729
[YOUR ADDRESS(ES) and PHONE NUMBER(S)]

Defendant's Address c/o CT Corporation System 28 Liberty Street New York, NY 10005
[ADDRESS OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) Queens County as the place of trial. The basis of this designation is [CHECK ONE]:

- [X] Plaintiff(s)' Residence in Queens County.
- [ ] Defendant(s)' Residence in Queens County.
- [ ] Other – Describe: ______________________________

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

Queens County Clerk's Office
Paym 3089803 05/01/2026 10:34a
Cashier MJMARICA Register # 4

| | |
|---|---|
| Tr.3852386 | $210.00 |
| Documents Pay At Court E-file | |
| Damaio v Equifax | |
| Summons+Complaint | |
| Total: | $210.00 |
| Credit | $210.00 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

**LUCKY DAMIAO,**

Plaintiff,

-against-

**EQUIFAX INFORMATION SERVICES LLC,**

Defendant.

Index No.: 712821/2026

## COMPLAINT

Plaintiff, appearing pro se, alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Credit Reporting Act ("FCRA"), including but not limited to 15 U.S.C. §§ 1681e(b) and 1681i, arising from Defendant's continued reporting of inaccurate, incomplete, inconsistent, and/or unverifiable information concerning Plaintiff.

2. Plaintiff disputed multiple tradelines appearing on Defendant's consumer report and repeatedly requested a fair and reasonable reinvestigation together with the description of the procedure used to determine the accuracy and completeness of the disputed information.

3. Defendant sent standard or generic investigation results and/or updated reports indicating that a review or reinvestigation had been performed, yet key account information remained materially inconsistent within Defendant's reporting and/or when compared with other major credit bureau reporting.

4. Plaintiff's primary objective in this action is to challenge the reasonableness of Defendant's review and reinvestigation process where Defendant claimed to review disputed information but continued to report materially inconsistent, incomplete, and/or unverifiable information.

5. If disputed information could not be verified after a reasonable reinvestigation, it should have been modified or deleted. Instead, Defendant continued to report the disputed information in a manner that Plaintiff alleges was inaccurate, incomplete, inconsistent, and/or unverifiable.

### PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is an individual residing at 84-66 258th St., Floral Park, New York 11001.

7. Defendant Equifax Information Services LLC is a consumer reporting agency that regularly does business in New York and prepares and furnishes consumer reports concerning consumers residing in New York. Defendant may be served through its registered agent, CT Corporation System, 28 Liberty Street, New York, New York 10005.

8. Venue is proper in this Court because Plaintiff resides in this County and the injuries complained of were sustained in this County.

9. This Court has jurisdiction over this action and over Defendant to the fullest extent permitted by law.

### GENERAL FACTUAL ALLEGATIONS

10. Plaintiff reviewed Defendant's consumer report and identified multiple tradelines reported inaccurately, incompletely, inconsistently, and/or in an unverifiable manner.

11. Plaintiff disputed the tradelines at issue and, over time, built a documented paper trail that included written disputes, requests for method of verification, CFPB complaints, Attorney General complaints, and notice of intent to sue.

12. Plaintiff sent the dispute and follow-up correspondence by certified mail and retained records of those submissions.

13. Despite Plaintiff's repeated written disputes and requests for the procedure used to determine accuracy and completeness, Defendant failed to provide a meaningful explanation sufficient to show how the disputed information was actually reviewed and verified.

14. The accounts included in this Equifax-specific action are: Wells Fargo / WFBNA HL; TBF Financial Inc. / TBF FINAN; Mercedes-Benz Financial; NR/SMS/CAL / Shellpoint Mortgage; WFBNA Card; Truist Mortgage / TRUISTMRTG; Citizens One / CITIZENSONE; and CBNA / Best Buy.

15. Each of the above tradelines is alleged to contain material inconsistencies in one or more of the following categories: account status, remarks, last activity date, late-payment counts, months reviewed, terms count, balance or high balance reporting, account history, payment history, creditor identification, and/or field completeness.
16. Defendant nevertheless continued reporting these tradelines, except as otherwise specifically alleged herein, and/or failed to provide a meaningful description of the procedure used to determine accuracy and completeness after Plaintiff's disputes and requests for method of verification.

**ACCOUNT-SPECIFIC ALLEGATIONS**

17. Wells Fargo / WFBNA HL, Account ending 708037XXXX. Plaintiff disputes the accuracy and completeness of the Wells Fargo mortgage tradeline. This account was reported with materially inconsistent information, including differing last activity dates, differing remarks, differing late-payment counts, differing months reviewed, differing terms count, and materially inconsistent payment history. By way of example, the tradeline reflected late-payment counts of 3/4/7 in some reporting and 1/2/1 in other reporting; months reviewed of 48, 99, and 85; terms count of 360 in some reporting and 0 in other reporting; differing remarks including "Consumer Disputes – Reinvestigation In Progress" and "This Is An Account In Good Standing"; and materially different payment history. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.
18. TBF Financial Inc. / TBF FINAN, Account ending 13XXXX. Plaintiff disputes Defendant's handling and prior reporting of the TBF Financial tradeline. This tradeline was reported with materially inconsistent information, including differing creditor identification, differing last activity dates, differing account status, differing comments, and materially inconsistent account history. By way of example, one version reflected the account as 'Open' with the comment 'Placed For Collection' and stated that no history was available, while another reflected the account as 'Charge Off,' included the comment 'Unpaid Balance Reported As A Loss By Credit Grantor,' and displayed extended derogatory charge-off history. The tradeline also reflected internal inconsistency by stating that 100% of reported payments were made on time while simultaneously reflecting repeated collection/charge-off reporting. Plaintiff disputed this tradeline, requested method of verification, and pursued CFPB, Attorney General, and intent-to-sue escalation, yet Defendant failed to provide a meaningful and reliable explanation of how it reviewed or evaluated the dispute. Plaintiff further alleges that the tradeline later ceased appearing, which further supports that the tradeline was not maintained, reviewed, and/or verified in a stable, accurate, complete, and reliable manner.
19. Mercedes-Benz Financial, Account ending 5001815. Plaintiff disputes the accuracy and completeness of the Mercedes-Benz Financial tradeline. This account was reported with materially inconsistent information, including differing last activity dates, differing account type descriptions, differing remarks, differing late-payment counts, differing months reviewed, differing terms count, and materially inconsistent payment history. By way of example, one version reflected 'Consumer Disputes – Reinvestigation In Progress,' another reflected 'This Is An Account In Good Standing' together with 'Early Termination/balance Owing,' and another reflected only 'Early Termination/balance Owing.' One version also reflected a terms count of 0 while others reflected 36. The tradeline's date fields and payment history were likewise materially inconsistent. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.
20. NR/SMS/CAL / Shellpoint Mortgage, Account ending 103217XXXX. Plaintiff disputes the accuracy and completeness of the NR/SMS/CAL tradeline associated with Shellpoint Mortgage. This account was reported with materially inconsistent information, including differing account status, differing last activity dates, differing remarks, differing late-payment counts, and materially inconsistent payment history. By way of example, one version reflected the account as "Closed," while another reflected the account as "Open." The tradeline also reflected differing remarks, including "Closed" and "Consumer Disputes This Account Information," and differing late-payment counts, including 0/1/7 and 0/2/2. The payment history was likewise materially inconsistent, with one version showing extensive derogatory 120-day late reporting and another showing largely unavailable or missing history. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.
21. WFBNA Card, Account ending 44654203. Plaintiff disputes the accuracy and completeness of the WFBNA Card tradeline. This account was reported with materially inconsistent information, including differing account status, differing last activity dates, differing remarks, differing late-payment counts, differing months reviewed, differing high balance reporting, and materially inconsistent payment history. By way of example, one version reflected the account as 'Charge Off,' another reflected the account as 'Open,' and another again reflected 'Charge Off.' The tradeline further reflected inconsistent remarks, including no remark, 'Consumer Disputes – Reinvestigation In Progress,' and 'Unpaid Balance Reported As A Loss By Credit Grantor, Dispute Resolved –

Consumer Disagrees.' Late-payment counts and months reviewed also varied sharply, including 0/0/0 versus 1/1/9 versus 1/1/3, and 0 months reviewed versus 86 versus 73. The tradeline's payment history was likewise materially inconsistent, including one version stating that no history was available while another reflected extensive charge-off history. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

22. Truist Mortgage / TRUISTMRTG, Account ending 942005. Plaintiff disputes the accuracy and completeness of the Truist Mortgage tradeline. This account was reported with materially inconsistent information, including differing account status, differing last activity dates, differing remarks, differing late-payment counts, differing months reviewed, and materially inconsistent payment history. By way of example, one version reflected the account as 'Transferred,' another reflected the account as 'Open,' and another reflected the account as 'Closed.' The tradeline further reflected differing remarks, including 'Transferred To Another Lender,' 'Consumer Disputes This Account Information,' and 'Account Delinquent 120 Days Past Due Date, Transferred To Another Lender.' Late-payment counts also differed, including 1/1/1, 0/0/0, and 1/1/2. The payment history was likewise materially inconsistent. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

23. Citizens One / CITIZENSONE, Account ending 276637XXXX. Plaintiff disputes the accuracy and completeness of the Citizens One tradeline. This account was reported with materially inconsistent information, including differing balance amounts, differing last activity dates, differing account type descriptions, differing remarks, differing late-payment counts, differing months reviewed, differing terms count, and materially inconsistent payment history. By way of example, one version reflected a balance of $4,741.00, late-payment counts of 7/3/2, a terms count of 72, and a detailed derogatory payment history, while another reflected a balance of $5,363.00, late-payment counts of 0/0/0, a terms count of 0, and largely unavailable payment history. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report and/or evaluate this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

24. CBNA / Best Buy, Account ending 426938. Plaintiff disputes the accuracy and completeness of the CBNA tradeline associated with Best Buy. This account was reported with materially inconsistent information, including differing account status, differing dispute-related remarks, differing late-payment counts, differing months reviewed, differing balance and credit fields, and materially inconsistent payment history. By way of example, one version reflected the account as 'Closed,' another reflected the account as 'Open,' and another again reflected the account as 'Closed.' The tradeline further reflected inconsistent remarks, including 'Dispute Resolved – Subscriber Disagrees,' 'Consumer Disputes After Resolution,' and 'This Is An Account In Good Standing, Dispute Resolved – Consumer Disagrees.' Late-payment counts, reviewed months, and payment history also differed materially. Despite Plaintiff's disputes and requests for method of verification, Defendant continued to report this tradeline in an inaccurate, incomplete, inconsistent, and/or unverifiable manner.

## FIRST CAUSE OF ACTION

### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. Defendant was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff that it prepared and furnished in consumer reports.

27. Defendant failed to follow such reasonable procedures.

28. As a result, Defendant prepared and/or continued to furnish consumer report information concerning Plaintiff that was inaccurate, incomplete, inconsistent, and/or unverifiable.

## SECOND CAUSE OF ACTION

### Failure to Conduct Reasonable Reinvestigation

29. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

30. Plaintiff directly disputed the accuracy and completeness of the information contained in Plaintiff's file with Defendant.

31. Defendant was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and whether unverifiable information should be modified or deleted.

32. Defendant failed to conduct a reasonable reinvestigation.

33. After claiming that a review or reinvestigation had been completed, Defendant continued reporting information that remained inaccurate, incomplete, inconsistent, and/or unverifiable.

## THIRD CAUSE OF ACTION

### Failure to Provide Meaningful Description of Procedure Used to Determine Accuracy and Completeness

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. After receiving investigation results and updated reporting, Plaintiff requested the description of the procedure used to determine the accuracy and completeness of the disputed information.
36. Defendant failed to provide a meaningful and legally sufficient description of that procedure.
37. Defendant's responses were generic, conclusory, and insufficient to show how the disputed information was actually reviewed and verified.
38. As a result, Plaintiff was deprived of a meaningful explanation of how Defendant claimed to verify tradelines that remained inaccurate, incomplete, inconsistent, and/or unverifiable.

**INJURY AND DAMAGES**

39. As a result of Defendant's conduct, Plaintiff has suffered frustration, distress, inconvenience, loss of time, and the burden of repeatedly disputing inaccurate or unverifiable information.
40. Plaintiff has also incurred expenses and effort in preparing disputes, sending certified mail, preserving records, and pursuing regulatory and legal remedies.
41. Plaintiff's primary objective is a fair and lawful review of Plaintiff's disputed credit reporting and accountability for Defendant's reinvestigation procedures; however, Plaintiff also seeks all damages and relief available under law.

**WHEREFORE CLAUSE**

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:
a. For a determination that Defendant failed to conduct a reasonable reinvestigation and failed to provide a meaningful description of the procedure used to determine accuracy and completeness;
b. For such relief as may be proper concerning deletion or modification of information that could not be reasonably verified;
c. For actual damages in an amount to be determined at trial;
d. For statutory damages, where legally available;
e. For punitive damages, where legally available;
f. For costs and disbursements of this action; and
g. For such other and further relief as the Court deems just and proper.

Dated: Floral Park, New York
MAY 01, 2026

LUCKY DAMIAO
Plaintiff Pro Se
84-66 258th St.
Floral Park, New York 11001

**VERIFICATION**

I, LUCKY DAMIAO, being duly sworn, depose and say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn to before me this

1 day of May, 2026

Notary Public

KATHERINE A. MARMOL
Notary Public - State of New York
No. 04MA0030060
Qualified in Queens County
Commission Expires October 23, 2028

LUCKY DAMIAO